IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH LYNCH, #687452 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-031 |
| | § | |
| R. MORRIS, CO-III | § | |

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Lynch, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. Having reviewed his complaint and answers to interrogatories, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). Plaintiff's claims

1

against the Defendants arise from an incident that occurred on September 5, 2003, when he was given a disciplinary case for failing to obey an order. Plaintiff alleges that the disciplinary case was written by the charging officer, Morris, in an attempt to cover up Morris' assault on Plaintiff. Allegedly, Plaintiff was brushing his teeth when Morris called him out of his cell and asked what was in his hand and mouth. When Plaintiff stated that he was brushing his teeth and showed Morris the toothbrush, Morris allegedly grabbed Plaintiff around the neck in a choke-hold and began choking him. Plaintiff had undergone neck surgery approximately fourteen months prior to September 5, 2003 and did not resist the assault. As a result of the "frivolous" disciplinary report, Plaintiff was forced to suffer the consequences of a guilty verdict with a loss of privileges and custody status.

Plaintiff also alleges that he received inadequate medical care for his neck after the assault; and, that Warden Trinci and Charles Adams failed to protect him from the unnecessary use of force and inadequate medical attention. Plaintiff seeks monetary damages

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would question the validity of a conviction or sentence, as Plaintiff is seeking to do in this case, a Plaintiff proceeding pursuant to Section 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254"; *Heck v. Humphrey*, 512 U.S. 477 (1994). A claim for

2

damages bearing that relationship to a conviction or sentence that has not been so invalidated, as in the instant case, is not cognizable under Section 1983. Thus, when a state prisoner seeks damages in a Section 1983 suit, the District Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless or until the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff has failed to demonstrate that the conviction in his disciplinary case has been reversed, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. As such, a claim for damages is not cognizable under Section 1983 at this time.

If Plaintiff is alleging that his rights to due process were violated during the course of the disciplinary proceedings, this claim is viewed as a challenge to the validity of his conviction or fact or duration of his confinement. *See Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Such claims are improperly brought in a Section 1983 cause and must be brought in an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Plaintiff's claim that he received inadequate medical attention is also unavailable for relief under Section 1983. In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of

3

pain repugnant to the conscience of mankind. *Estelle,* 429 U.S. at 105-06. The appropriate test for deliberate indifference is subjective recklessness used in the criminal law; *see Farmer v. Brennan,* 511 U.S. 825, 837 (1994); thus, a prison official is not liable unless he "knows of and disregards an excessive risk to inmate health or safety". *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999)(citing *Estelle,* 429 U.S. at 104). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle,* 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins,* 920 F.2d 320, 321 (5th Cir. 1991). Moreover, undisputed evidence of sick calls, examinations, diagnoses, and medication can negate an allegation of deliberate indifference, even though the treatment proves ultimately to be unsuccessful. *Bass v. Sullivan,* 550 F.2d 229 (5th Cir.), *cert. denied,* 434 U.S. 864 (1977); *Jackson,* 864 F.2d at 1244. The only remaining logical possibility for liability is that a Defendant fiendishly and deliberately set out to injure rather than benefit the Plaintiff. *Bass,* 550 F.2d at 232. Clearly, this did not occur.

Plaintiff submitted over twenty-five sick call requests concerning his neck, all of which were responded to. The reply to his grievance concerning his medical care states that documentation was reviewed concerning his allegation of delay in medical treatment and was found to

4

be unsubstantiated. It was noted that Plaintiff had been evaluated and treated by the medical department in accordance with his complaints. Though Plaintiff did not like or agree with his medical treatment, he states that he was evaluated and received pain medication. His neck was also x-rayed, albeit not as quickly as he would have preferred, and he was scheduled to see a specialist. There is simply no evidence to suggest that any Defendant was deliberately indifferent to the serious medical needs of the Plaintiff, in a wanton attempt to harm or injure him. Plaintiff's claim of deliberate indifference to serious medical needs has no merit.

Plaintiff also asserts that Defendants Trinci failed to protect him from the alleged assault by Morris and Adams failed to assure that he was receiving proper medical treatment. When asked in his interrogatories if he filed grievances against either of these Defendants, Plaintiff stated that he did not. The Prison Litigation Reform Act provides, in relevant part, that "no action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Once discretionary, the exhaustion requirement of the PLRA is now mandatory for all actions brought with respect to prison conditions. *See Booth v. Churner*, 532 U.S. 731 (2001). A review of the plain language of the statute shows that the exhaustion requirement must be fulfilled before filing suit, not afterward. Where an inmate has failed to avail himself of the administrative remedies available to him, and therefore circumvented the investigations that would have been conducted by TDCJ-ID, the inmate has thwarted

5

the legislative intent behind the statute, which was designed to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 152 (2002). Failing to exhaust administrative remedies against Defendants Trinci and Adams, his claims against these Defendants are barred.

Plaintiff also seeks injunctive relief against the University of Texas Medical Branch and TDCJ-ID to prevent further delay of adequate medical care. The Correctional Managed Health Care division of UTMB was created by statute and is an agency of the State of Texas, created to develop and implement a managed health care plan for all persons confined by the TDCJ.[1] The TDCJ is also a state agency. The doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest. Consequently, such a lawsuit is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). In this case, however, Plaintiff may avail himself of the *Young* doctrine, which carves an exception to operation of Eleventh Amendment immunity where prospective injunctive relief is sought, by seeking relief against an individual in authority at the agency. *Ex parte Young*, 209 U.S. 123 (1908); *Idaho v. Coeur d'Alene Trive of Idaho*, 521 U.S. 261 (1997). In this case, Plaintiff has sued Dr. Adams as the Gulf Coast Cluster Medical Director of UTMB Correctional Managed Health Care. This Court has already determined that the medical care of which Plaintiff complains did not rise to the level of a cognizable constitutional claim. In addition, Plaintiff failed to provide any evidence that he ever tried

---

[1] Tex.Govt.Code §§ 501.133 & 501.131

to contact Dr. Adams or that Dr. Adams had any knowledge of his medical complaints. And, as already noted, Plaintiff failed to exhaust administrative remedies against Dr. Adams. For all these reasons, a claim against the provider of Plaintiff's medical care, UTMB, as represented by Dr. Adams, is barred and also without constitutional basis.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the following claims be DISMISSED with prejudice for failure to state a claim for which relief can be granted:

1. claims of deliberate indifference to serious medical needs;
2. due process claims related to unjust disciplinary proceedings;
3. failure to protect claims.

The Court further **RECOMMENDS** that Plaintiff's claim for damages for an unjust disciplinary proceeding be DISMISSED with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.

The Court further **RECOMMENDS** that claims for injunctive relief against UTMB be DISMISSED for failure to state a claim for which relief can be granted.

The Court further **RECOMMENDS** that Defendants TDCJ-ID, UTMB, Holmes, Trinci, Leal, Smith and Adams be DISMISSED with prejudice.

The Court further **RECOMMENDS** that excessive use of force claims be retained on the Court's active trial docket for further development.

The Clerk shall amend the docket to reflect the style of this cause as: *Kenneth Lynch v. R. Morris, CO-III.*

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff who shall have until **May 12, 2005,** in which to have written objections <u>physically on file</u> in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 25th day of April, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE