IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH LYNCH, #687452 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-031 |
| | § | |
| R. MORRIS | § | |

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Lynch, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Now before the Court is Defendant Richard Morris' Motion for Summary Judgment, to which Lynch has filed a response. Having reviewed all relevant pleadings and summary judgment evidence, this Court makes the following recommendation to the District Court.

On May 13, 2005, all of Plaintiff's claims against Defendants Leal, TDCJ, Trinci, UTMB, Adams and Holmes were dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted. Plaintiff's remaining claim is that he suffered excessive force at the hands of Defendant Morris on September 5, 2003, when Morris allegedly placed him in a "choke-hold" in order to force Plaintiff to show him what was in his hand. Plaintiff asserts that he was only holding his toothbrush and toothpaste. As a result of Morris' actions, Plaintiff allegedly suffered a recurrence of his "pre-opt anterior cervical disk fusion symtoms [sic] of right arm pain and paresthesias."

Defendant asserts that Plaintiff suffered nothing more than *deminimis* injury, if any at all. The medical records support this assertion. The TDCJ-ID Use of Force Report reveals that Plaintiff was examined on site on September 6, 2003, and displayed no visible signs of injury. He was seen

1

the same day by Dr. Smith of UTMB Managed Care and "no visual signs of injury or bruising" were noted. On October 6, 2003, Plaintiff's neck and back were x-rayed; the radiology report states that "no acute pathology can be identified". Plaintiff was prescribed ibuprofen for pain. On September 5, 2005, Plaintiff received a disciplinary case for failing to obey an order to open his hand and give the item in his hand to Morris. He was found guilty at a later disciplinary hearing. The response to Plaintiff's disciplinary appeal states that Plaintiff was not brushing his teeth, that he took something from under his mattress and refused to open his hand, then placed the object in his mouth and refused to open his mouth. Defendant placed his hand on Plaintiff's throat to keep him from swallowing, and Plaintiff took the object and flushed it down the toilet.

In determining a movant's request for summary judgment, all reasonable inferences must be made in favor the party opposing the motion. *Phillips Oil Co. v. OKC Corp.* 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851 (1987). Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact. *Id.; Judwin Properties, Inc. v. U.S. Fire Ins. Co.,* 973 F.2d 432, 435 (5th Cir. 1992). A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach

a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

Defendant seeks immunity from a claim for damages in his official capacity under the Eleventh Amendment; and, asserts the affirmative defense of qualified immunity. Considering claims of qualified immunity, the Court employs a two-step analysis. Since qualified immunity depends on whether the Defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether, considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S 226, 231 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993). If the Plaintiff's allegations fail to establish the violation of a constitutional right, the Defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 193, 201 (2001). If the initial inquiry is satisfied, the second prong of the qualified immunity test must be considered: whether the constitutional right alleged to have been violated was clearly established at the time of the incident and, if so, whether the conduct of the Defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998).

Defendants adduce evidence and argue that Plaintiff has not shown excessive use of force. Plaintiff responds with unsupported statements that Defendant is not entitled to qualified immunity; is purposely misleading the Court; and, has failed to produce controverting evidence to his claim of excessive use of force.

In any claim of excessive force, the core of the judicial inquiry remains "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Plaintiff was found guilty of refusing to obey an order to open his hand and mouth. Prior to the finding of guilt, he was given the opportunity to request witnesses, be represented by counsel substitute and present statements on his behalf.  The finding of guilt was not overturned on appeal.  Even if Defendant did put Plaintiff in a "choke-hold" to prevent him from swallowing, this type of force did not constitute a use of force which was "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  Moreover, medical records show that Plaintiff suffered either *de minimis* injury or no harm at all as a result of Defendant's alleged action on September 5, 2003.

Under 42 U.S.C. § 1997e(e), "no Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Alexander v. Tippah County, Miss.,* 351 F.3d 626, 631 (5th Cir. 2003).  The physical injury required by Section 1997e(e) "must be more than *de minimis*, but need not be significant." *Id.* (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  Without this *de minimis* threshold, every "least touching" of a prisoner would give rise to Section 1983 liability.  Such a rule would not only swamp the federal courts with questionable excessive force claims, but would also constitute an unwarranted assumption of federal judicial authority to scrutinize the minutiae of state detention activities.  *Riley v. Dorton*, 115 F.3d 1159, 1167 (5th Cir. 1997).  While this Court does not condone the alleged behavior of Defendant Morris, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. at 9.  Plaintiff has failed to satisfy the requirement of Section 1997e(e) and demonstrate that he suffered more than a *de minimis* injury.  *See Raley v. Fraser*, 747 F.2d 287, 289 (5th Cir. 1984)(holding that use of force

4

which resulted in a sore throat and hoarseness for two weeks and raised welts from tightened handcuffs did not amount to abuse of power that shocked the conscience.) This Court is of the opinion that Plaintiff has failed to meet the standard necessary to successfully plead a claim of excessive use of force.

In light of Plaintiff's medical records and lack of rebuttal by Plaintiff, the Court cannot conclude, as a matter of law, that Plaintiff's injuries were no more than *de minimis*. It is, therefore, the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment (Instrument no. 21) be **GRANTED** and **this case be DISMISSED with prejudice as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **July 12, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____19th_____ day of June, 2006.

_____
John R. Froeschner
United States Magistrate Judge

5